885 F.2d 865
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Aaron HOLSEY, Plaintiff-Appellant,
v.
R.W. CAUFFMAN, Individually and as a Lieutenant at the
Correctional Institution (M.C.I.), Hagerstown, Md, G.L.
Petty, individually and as a guard at the M.C.I.,
Hagerstown, Maryland (12-8 shift), J.F. Houck, individually
and as a guard at the M.C.I., Hagerstown (12-8 shift), J.
Trumpower, individually and as a guard at the M.C.I.,
Hagerstown (12-8 shift), N. Schetrompf, individually and as
a guard at the Correctional Institution on the 4PM-12AM
shift at Hagerstown, Maryland, Defendants-Appellees.
Aaron HOLSEY, Plaintiff-Appellant,
v.
Ray GEYER, Individually and as a guard on the 12 a.m. to 8
a.m. shift at the Correctional Institution at Hagerstown,
Maryland, Bernard Moura, JR., Individually, and as a guard
on the 12 a.m. to 8 a.m. shift at the Correctional
Institution at Hagerstown, Maryland, Jeffrey D. Trumpower,
Individually, and as a guard on the 12 a.m. to 8 a.m. shift
at the M.C.I., Hagerstown, Maryland, Defendants-Appellees.
 No. 88-6710.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 21, 1989.
Decided Sept. 1, 1989.
Rehearing and Rehearing In Banc Denied Sept. 25, 1989.
 
 Aaron Holsey, appellant pro se.
 Stephanie Judith Lane-Weber, Office of the Attorney General of Maryland, for appellees.
 Before WIDENER, SPROUSE, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Aaron Holsey appeals the entry of judgment pursuant to a jury verdict in the trial of his 42 U.S.C. Sec. 1983 actions. Holsey had alleged that in September and December he was unlawfully strip-searched, assaulted by guards, and denied medical care for injuries resulting from the assaults.
 
 
 2
 The jury decided that the strip searches were lawful and that defendants had not denied Holsey adequate medical care. Although the jury found that all defendants used excessive force against Holsey, only Officer Cauffman was determined not to have acted in good faith. A judgment of $0 was entered against Cauffman.
 
 
 3
 Having reviewed the entire record, we conclude that the verdict was not clearly erroneous. Additionally, the jury was properly instructed on the defense of good faith in excessive force cases. See Whitley v. Albers, 475 U.S. 312, 319 (1986). The district court correctly dismissed as time-barred, early in the course of this lawsuit, Holsey's allegation concerning an event in 1975.
 
 
 4
 As the record and other materials before us indicate that it would not significantly aid the decisional process, we dispense with oral argument. Holsey's motions for appointment of counsel and preparation of transcripts are denied. The motion for the panel to take notice of exhibits is granted.
 
 
 5
 AFFIRMED.